UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**VINCENT BROCK,**

                         **Plaintiff,**                    00-CV-0085(Sr)

v.

**LESTER WRIGHT, Dir. of Facility
Health Services for N.Y.S. Dept. of
Corrections,**

                         **Defendant.**

---

## DECISION AND ORDER

The parties have consented, pursuant to 28 U.S.C. § 636(c), to have the undersigned conduct all further proceedings in this case, including entry of judgment. Dkt. #18.

Following plaintiff's acceptance of defendant's offer of judgment, which included costs, the parties submitted to the Court a stipulation that the action be dismissed with prejudice and that judgment be taken against defendant for the sum of $20,000 plus costs.  Dkt. ##71, 73, 75.  The stipulation specifically noted that plaintiff's counsel would make a separate application to the Court for attorneys' fees.  Dkt. #75. In accordance with this stipulation, the Court dismissed the action pursuant to Rule 41 of the Federal Rules of Civil Procedure with prejudice and with costs assessed to the defendant. Dkt. #78.  Judgement was entered in favor of plaintiff for the amount of $20,000 plus costs.  Dkt. #80.  Currently before the Court is plaintiff's motion for costs seeking an award of $41,220 in attomeys' fees and $3,992.66 in disbursements.  Dkt. #81.

Although the defendant initially argues that the award must be reduced in accordance with the fee limitations set forth in the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(d), the Court of Appeals for the Second Circuit has clearly stated that the PLRA does not apply to "so-ordered" stipulations of dismissal where the stipulation provides for payment of "reasonable attorneys' fees, to be determined by the District Court." *Torres v. Walker*, 356 F.3d 238, 245 (2d Cir. 2004). In the instant case, although a monetary judgment was entered, it was based upon a stipulation of dismissal which clearly contemplates that plaintiff's counsel "will make a separate application to the Court for attorneys' fees," and an offer of judgment which does not limit that application to the confines of the PLRA. Accordingly, the Court finds that the negotiated terms of the parties' settlement agreement removes this case from the limitations of the PLRA.

42 U.S.C. § 1988 provides that in any action or proceeding to enforce a provision of 42 U.S.C. § 1983, the court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." The calculation of a reasonable attorney's fee is governed by the lodestar approach, which requires the Court to multiply "the number of hours reasonably expended" by a "reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983).

In order to properly assess whether hours were reasonably expended, the application should include "contemporaneously created time records that specify, for

each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). "Hours that are excessive, redundant, or otherwise unnecessary are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Id.* (internal quotations and citations omitted). A reasonable rate is one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

The parties have stipulated to an hourly rate of $200. Dkt. #90. Plaintiff seeks compensation for 206.1 hours, for an award of $41,220 in attorneys' fees, plus $3,992.66 in disbursements. Dkt. #91. Defendant disputes certain time entries as vague and duplicative and argues that travel time should be billed at half the hourly rate. Dkt. #86, pp. 8-10. Accordingly, the defendant asserts that the number of hours expended should be reduced to 161.7, which would justify an award of $32,340 in attorneys' fees. Dkt. #86, p.10.

The Court has no doubt that the stipulated hourly rate of $200 is reasonable and in keeping with the standards and rates in the Western District of New York for an attorney of his stature. Plaintiff's counsel has practiced before the Western District of New York since 1972 and has extensive litigation experience in both private

practice and government service, with specific experience in the area of inmate civil rights claims by virtue of his employment with the New York State Attorney General from 1972 through 1995.  *See* Dkt. #81.

With respect to counsel's hours, the Court has only minor concerns.  For example, although "travel time is generally compensated at half the usual hourly rate," plaintiff's counsel has included travel to Gowanda Correctional Facility, Collins Correctional Facility and a facility in Batavia in his time entries and has not segregated travel time from time spent attending to his client's legal issues.  *Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, __ F. Supp.2d __, 2005 WL 2278087, at *8 (W.D.N.Y. Sept. 20, 2005).  Given that five such trips appear to have been made, at approximately 2 hours travel time each, the Court will remove five hours from plaintiff's submission.  In addition, although time spent preparing and defending an application for fees should be included in the calculation of a reasonable fee, the Court finds that counsel's expenditure of 30.2 hours researching and preparing the instant fee application is excessive, particularly given counsel's prior experience with such matters. *See Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999).  Accordingly, this claim will be reduced to 10 hours.

With respect to the remainder of counsel's time entries, the Court has confidence that the expenditure of 180.9 hours on discovery in this claim for denial of adequate medical treatment, which necessitated medical research on keloid scarring

4

and preparation and examination of numerous deposition witnesses, is appropriate. Accordingly, plaintiff shall be awarded attorneys' fees in the amount of $36,180.

With respect to plaintiff's request for disbursements, the Court is of the opinion that the cost of legal research is inherent in the cost of doing business for an attorney and should not be reimbursable as a disbursement. Accordingly, counsel's application for reimbursement of on-line research fees in the amount of $1,021.15 is denied.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion (Dkt. #91), is granted in part. The Clerk of the Court shall enter judgment in favor of plaintiff in the amount of $36,180 for attorneys' fees and $2,971.51 for disbursements.

**SO ORDERED.**

DATED:   Buffalo, New York
         October 4, 2005

                                        **S/ H. Kenneth Schroeder, Jr.**
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**